UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MARILYN BLOCH,

                Plaintiff,           10 Civ. 5144 (PKC) (AJP)

    -against-

                         MEMORANDUM
                         AND ORDER
DR. JOYCE GERDIS, M.D.,

                Defendant.
-----------------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        Plaintiff Marilyn Bloch, proceeding pro se, brings this action against defendant Dr. Joyce Gerdis-Karp, invoking the Court's subject matter jurisdiction by reason of diversity of citizenship, 28 U.S.C. § 1332. Plaintiff is a citizen of Florida. Defendant's offices are located in New York. Reading the Complaint generously, it asserts claims for breach of contract, medical malpractice, and intentional infliction of emotional distress. The defendant now moves for summary judgment pursuant to Rule 56, Fed. R. Civ. P. For the reasons discussed below, defendant's motion for summary judgment is granted.

BACKGROUND

        For approximately four years, Bloch has been trying to join a vocational rehabilitation program. In September 2007, the Florida Department of Education ("Florida DOE"), Division of Vocational Rehabilitation, referred Bloch for vocational evaluation, situational assessment and psychiatric evaluation to determine whether Bloch suffered from schizophrenia and whether she was an acceptable candidate for Division of Rehabilitation Services. (Pl. 56.1 Ex. B.) Dr. Saltz conducted Bloch's psychiatric evaluation and

1

recommended medication conditioned on the use of medication management services for which Bloch refused to apply. (Pl. 56.1 Ex. B.) On January 28, 2008 the Florida DOE concluded that Bloch was not eligible for vocational rehabilitation services because her disability was too severe for those services to "result in an employment outcome." (Pl. 56.1 Ex. C.)

In 2009, Bloch obtained Gerdis's name through a physician referral service and contacted her with the purpose of obtaining a letter stating that Bloch was capable of returning to work and should be eligible for vocational rehabilitation. (Gerdis Aff. ¶ 3.) Gerdis explained that she could not promise to provide such a letter but would conduct an independent evaluation of Bloch's ability. (Id.) Gerdis conducted the evaluation on July 15, 2009, during which Bloch repeated her request for a letter stating that she was capable of employment and informed Gerdis that she intended to use the letter in a medical malpractice action against Saltz. (Id. . ¶ 4.) Gerdis reiterated that she could not promise to provide such a letter. (Id.)

After completing the evaluation, Gerdis concluded that Bloch was unable to return to work because of a urinary condition that caused incontinence. (Id. ¶ 5-6.) This condition was also the reason Bloch was fired from her last employment position in 2007. (Id. ¶ 5.) Gerdis advised Bloch of her findings at the conclusion of the evaluation and provided her with a bill that Bloch paid by check at a later date. (Id. ¶ 6.) Believing that Bloch did not want a report of her evaluation, Gerdis did not prepare one until the New York State Health Department advised her that Bloch wanted it. (Id. ¶ 7-8.) Gerdis prepared a report dated September 7, 2009 stating that Bloch's urinary condition prevented her from working and being eligible for vocational rehabilitation services. (Id. ¶ 8.) In a January 6, 2010 addendum to the report, which was written upon Bloch's request that Gerdis address any psychological testing for intellectual functioning, Gerdis recommended that Bloch contact local mental health practitioners about the

2

required clinical and standardized tests.  (Id. ¶ 9.)  In a second addendum dated July 13, 2010, which was also written at Bloch's request, Gerdis concluded that Bloch does not suffer from schizoaffective disorder.  (Id. Ex. iii.)

Bloch seeks $4 million in damages for lost wages, $1.5 million in punitive damages and damages for emotional distress, and $4 million for damages caused by medical malpractice.  Gerdis moves for summary judgment on all claims.  Bloch conducted no fact or expert discovery during the discovery period.

DISCUSSION

I.      Summary Judgment Standard

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Rule 56, Fed. R. Civ. P.  It is the initial burden of a movant on a summary judgment motion to come forward with evidence on each material element of his claim or defense, sufficient to demonstrate that he or she is entitled to relief as a matter of law.  Vt. Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004).  In raising a triable issue of fact, the non-movant carries only "a limited burden of production," but nevertheless "must 'demonstrate more than some metaphysical doubt as to the material facts,' and come forward with 'specific facts showing that there is a genuine issue for trial.'"  Powell v. Nat'l Bd. of Med. Exam'rs, 364 F.3d 79, 84 (2d Cir. 2004) (quoting Aslanidis v. U.S. Lines, Inc., 7 F.3d 1067, 1072 (2d Cir. 1993)).

A fact is material if it "might affect the outcome of the suit under the governing law," meaning that "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The Court must

view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor, granting summary judgment only when no reasonable trier of fact could find in favor of the nonmoving party. Costello v. City of Burlington, 632 F.3d 41, 45 (2d Cir. 2011); accord Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585–88 (1986). In reviewing a motion for summary judgment, the court may scrutinize the record, and grant or deny summary judgment as the record warrants. Rule 56(c)(3), Fed. R. Civ. P. In the absence of any disputed material fact, summary judgment is appropriate. Rule 56(a), Fed. R. Civ. P.

"A party opposing summary judgment does not show the existence of a genuine issue of fact to be tried merely by making assertions that are conclusory or based on speculation." Major League Baseball Properties, Inc. v. Salvino, Inc., 542 F.3d 290, 310 (2d Cir. 2008) (internal citation omitted); see also Anderson, 477 U.S. at 249–50 (summary judgment may be granted if the opposing evidence is "merely colorable" or "not significantly probative") (citations omitted). An opposing party's facts "must be material and of a substantial nature, not fanciful, frivolous, gauzy, spurious, irrelevant, gossamer inferences, conjectural, speculative, nor merely suspicions." Contemporary Mission, Inc. v. U.S. Postal Serv., 648 F.2d 97, 107 n. 14 (2d Cir. 1981) (quotation marks omitted).

Local Civil Rule 56.1 of this District requires a summary judgment movant to submit a statement with numbered paragraphs setting forth "the material facts as to which the moving party contends there is no genuine issue to be tried." Local Civil Rule 56.1(a). "Each numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party." Local Civil Rule 56.1(c). "Each statement by the movant or

opponent pursuant to Rule 56.1(a) and (b), including each statement controverting any statement of material fact, must be followed by citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56(c)." Local Civil Rule 56.1(d). "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Rule 56(c), Fed. R. Civ. P. "'Therefore, only admissible evidence need be considered by the trial court in ruling on a motion for summary judgment.'" Presbyterian Church Of Sudan v. Talisman Energy, Inc., 582 F.3d 244, 264 (2d Cir. 2009) (quoting Raskin v. Wyatt Co., 125 F.3d 55, 66 (2d Cir. 1997)).

    II.    Breach of Contract

Generously, Bloch's pro se Complaint can be read as asserting a claim for breach of contract. In a Case Management Conference before Magistrate Judge Peck, Bloch clarified that she hired Gerdis as an expert witness to provide a report in another lawsuit. (Gerdis Mem. Ex. D.) Specifically, Bloch alleges that Gerdis breached a pre-evaluation oral agreement to provide a written report stating that Bloch was capable of employment and vocational rehabilitation. She also argues that Gerdis agreed to procure an I.Q. test for her.

Because the place of contracting, place of negotiation and performance and domicile of Gerdis are all New York, Bloch's contract claims will be analyzed under New York law. See Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1539 (2d Cir.), cert. denied, 522 U.S. 864 (1997). To succeed on a breach of contract claim, plaintiff must show "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." Harsco Corp. v. Segui, 91 F.3d 337, 348 (2d Cir.1996). "A claim for breach of contract must therefore be supported by evidence establishing that there was a meeting of the minds between the parties as to essential contract

terms." Allen v. Robinson, No. 10 Civ. 7118, 2011 WL 5022819, at *5 (S.D.N.Y. October 19, 2011) (internal quotations omitted). Additionally, "[a] plaintiff faces a heavier burden when trying to prove an alleged oral contract. To ensure that parties are not trapped into surprise contractual obligations that they never intended, more than agreement on each detail is required, there must be an overall agreement to enter into the binding contract." Cleveland Wrecking Co. v. Hercules Constr. Corp., 23 F.Supp.2d 287, 293 (E.D.N.Y. 1998).

The only evidence that Bloch provides to support her breach of contract claim is a copy of a check from Bloch to Gerdis for $275.00 and the report that Gerdis prepared at Bloch's request. Accepting the facts set forth by the plaintiff as true and drawing every reasonable inference in her favor, the parties did not have a contract for Gerdis to provide a report stating that Bloch was capable of employment and vocational rehabilitation nor had they agreed that Gerdis would serve as an expert witness in Bloch's lawsuit against Saltz. On more than one occasion, Gerdis affirmatively disclaimed any promise to reach a particular result and instead offered Bloch an independent evaluation. It is for this service that Bloch paid $275.00. Moreover, Gerdis was unaware of Bloch's lawsuit against Saltz until after Bloch had engaged Gerdis's services.

Although the parties dispute whether these services included providing a written report of Gerdis's findings, this issue is not material. Even if the agreement to render an independent opinion included a report summarizing Gerdis's conclusions, Bloch eventually received the report and suffered no damages from the delay since she was informed at the time of the evaluation that Gerdis's findings were consistent with Bloch's other negative evaluations. Accordingly, summary judgment in favor of the defendant is granted.

III.     Medical Malpractice

Reading the Complaint generously, Bloch also claims that Gerdis is liable for medical malpractice. A doctor who is hired to conduct an independent medical evaluation cannot be liable for damages resulting from her conclusions or reports because only a "limited physician-patient relationship" exists in this context. See Bazakos v. Lewis, 12 N.Y.3d 631, 635 (2009). Where a doctor-patient relationship does exist, "a plaintiff must prove through expert medical opinion (1) the standard of care in the locality where treatment occurred, (2) that defendant breached that standard of care and (3) that the breach of the standard was the proximate cause of injury." Gibson v. D'Amico, 97 A.D.2d 905, 905 (3rd Dep't 1983).

Bloch has not provided any evidence to support her medical malpractice claims. She argues that Gerdis is liable for medical malpractice for the following reasons: failure to submit a timely report of her conclusions, reneging on a promise to conclude that plaintiff was capable of returning to work or vocational rehabilitation, reneging on a promise to serve as an expert witness, tax evasion, improper billing, failure to procure a promised I.Q. test, seeing the plaintiff for fifteen minutes less than the scheduled appointment, and misdiagnosis. Most of these allegations cannot form the basis for a medical malpractice claim. To the extent that she alleges underlying facts which could sound in medical malpractice, Bloch has not procured expert testimony that would allow her to show that Gerdis departed from the relevant standard of care. The defendant's motion for summary judgment on the medical malpractice claim is granted.

IV.     Intentional Infliction of Emotional Distress Claims

Bloch asserts that Gerdis unfulfilled promises caused her severe emotional distress. In order to state a claim for intentional infliction of emotional distress under New York

law, a plaintiff must allege (1) extreme and outrageous conduct; (2) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (3) a causal connection between the conduct and the injury; and (4) severe emotional distress. See Stuto v. Fleishman, 164 F.3d 820, 827 (2d Cir. 1999) (citing Howell v. New York Post Co., Inc., 81 N.Y.2d 115, 121 (1993)).

Accepting the facts set forth by the plaintiff as true and drawing every reasonable inference in her favor, Bloch fails to show that Gerdis engaged in any extreme or outrageous conduct or intended to cause severe emotional distress. Although Bloch alleges that Gerdis negligently promised to write the desired report, there is no evidence that this conduct rose to disregard for a substantial probability of causing severe emotional distress. Accordingly, the motion for summary judgment dismissing this claim is granted.

CONCLUSION

For the reasons outlined above, the defendant's summary judgment motion (Docket # 23) is GRANTED. The Clerks shall enter judgment for the defendant. Counsel for defendant shall provide plaintiff with copies of all unreported decisions cited herein. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied. See Coppedge v. United States, 369 U.S. 438 (1962).

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
November 29, 2011

8